UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:02CV1394 (SRU) |
| | : | |
| (1) $144,313.77 IN U.S. CURRENCY, SEIZED FROM ACCOUNT NUMBER 670-026-779, HELD IN THE NAME OF STEPHEN P. CORSO, JR., AT UNION SAVINGS BANK, DANBURY, CONNECTICUT, | : | |
| | : | |
| (2) $94,232.67 IN U.S. CURRENCY, SEIZED FROM ACCOUNT NUMBER 660-027-460, HELD IN THE NAME OF STEPHEN P. CORSO, JR., AT UNION SAVINGS BANK, DANBURY, CONNECTICUT, | : | |
| | : | |
| AND | : | June 12, 2007 |
| | : | |
| (3) $250,597.59 IN U.S. CURRENCY, SEIZED FROM ACCOUNT NUMBER 048-453236, HELD IN THE NAME OF STEPHEN P. CORSO, JR., AT PRUDENTIAL SECURITIES, NEW YORK, NEW YORK, | : | |
| | : | |
| [CLAIMANTS: STEPHEN P. CORSO, JR., ANDREW CARDUNER, WENDY CARDUNER, AND STEPHEN EPSTEIN] | : | |

MEMORANDUM IN SUPPORT OF
<u>MOTION FOR DECREE OF FORFEITURE</u>

   The Plaintiff, United States of America, hereby submits this memorandum in support of

its Motion for Decree of Forfeiture, which motion has been filed pursuant to Rule 55 of the

Federal Rules of Civil Procedure, and Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

On August 12, 2002, a Verified Complaint of Forfeiture against the defendants, (1) $144,313.77 in United States currency, seized from account number 670-026-779, held in the name of Stephen P. Corso, Jr., at Union Savings Bank, Danbury, Connecticut, (2) $94,232.67 in United States currency, seized from account number 660-027-460, held in the name of Stephen P. Corso, Jr., at Union Savings Bank, Danbury, Connecticut, and (3) $250,597.59 in United States currency, seized from account number 048-453236, held in the Name of Stephen P. Corso, Jr., at Prudential Securities, New York, New York, ("currency defendants"), was filed on behalf of the Plaintiff, United States of America.  The Complaint alleges that the currency defendants were involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 and 1957, and therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), or which constitute or are derived from proceeds traceable to an offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), namely mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343, respectively, or conspiracy to commit such offenses, and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

Since the filing of the Verified Complaint of Forfeiture, several of Mr. Corso's victims have filed statements of interest in this civil forfeiture action.  On April 25, 2003, Stephen G. Epstein, a non-owner victim, filed a Verified Statement of Interest and Verified Answer and Special Defense pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims.  On August 7, 2003, Andrew and Wendy Carduner, also non-owner victims, filed a Verified Statement of interest pursuant to Rule C(6) of the Supplemental Rules for Certain

Admiralty and Maritime Claims. Also on September 15, 2003, Andrew and Wendy Carduner filed a Verified Answer Counterclaim.

On or about January 4, 2007, the Plaintiff, United States of America and Stephen P. Corso, Jr., who is the legal owner of the accounts from which the currency defendants were seized, entered into a Stipulated Forfeiture Agreement in connection with his plea agreement with the United States in the criminal case entitled United States v. Stephen P. Corso, Jr., Criminal No. 3:05CR105 (JCH). In his plea agreement and the Stipulated Forfeiture Agreement, Stephen P. Corso, Jr. agreed to the forfeiture of the currency defendants to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) or (C), as the seized funds represented the proceeds of his fraudulent activities. The Court approved the agreement on February 6, 2007.

The United States intends to make these assets available to the non-owner fraud victims of Stephen P. Corso, Jr. through the Department of Justice's Petition for Remission or Mitigation of Forfeiture. See Regulations Governing the Remission or Mitigation of Civil and Criminal Forfeiture, 28 C.F.R. § 9. The Petition for Remission or Mitigation of Forfeiture procedures authorize the United States Attorney General to transfer or restore forfeited property to non-owner victims of fraud once the property is ordered forfeited to the United States.

In January, 2007, the United States Attorney's Office notified all of Stephen P. Corso, Jr.'s known victims, including Stephen Epstein and Andrew and Wendy Carduner, of the assets seized in this case and the procedures for filing a Petition for Remission or Mitigation pursuant to the Department of Justice's Petition for Remission or Mitigation of Forfeiture procedures set forth in 28 C.F.R. §§ 9.1-9.9.

On March 5, 2007, the Plaintiff United States of America, and Andrew and Wendy Carduner entered into a Stipulated Forfeiture Agreement, in which the Carduners agreed to the forfeiture of the currency defendants to the United States of America. As non-owner victims, the Carduners agreed to have their claims resolved through the Department of Justice's Petition for Remission or Mitigation procedures set forth in 28 C.F.R. §§ 0.1-9.9. The Court approved the agreement on March 9, 2007.

In early March, 2007, Andrew and Wendy Carduner filed a Petition for Remission or Mitigation of Forfeiture. Pursuant to the regulations, the petition was forwarded to the Federal Bureau of Investigation, the seizing agency, to investigate and make a recommendation. The FBI conducted its investigation and forwarded its report and recommendation to the United States Attorney's Office. The recommendations of the Federal Bureau of Investigation and United States Attorney's Office are in the process of being forwarded to the Asset Forfeiture Money Laundering Section (AFMLS) in Washington, D.C. for a decision.

In late March, 2007, Executive Risk Indemnity, Inc. ("ERII") also filed a Petition for Remission of Forfeiture as a non-owner victim of Stephen P. Corso, Jr. According to its petition, ERII is an insurance company that paid a total of $4,476,608.00 under an Accountants Professional Liability Policy to eight (8) victims of Corso's illegal activity. Similar to the Carduners' petition, ERII's petition was forwarded to the FBI for investigation and recommendation. The FBI conducted its investigation and forwarded its report and recommendation to the United States Attorney's Office. The recommendations of the FBI and United States Attorney's Office will be forwarded to AFMLS for a decision.

It is the position of the United States that fraud victims are not owners as contemplated by 18 U.S.C. § 983(d). Rather, they are merely unsecured creditors and as such lack a sufficient interest in the funds subject to forfeiture to contest the forfeiture. As explained above, the United States maintains that the appropriate avenue of relief for non-owner victims is the Petition for Remission process. Thus, the non-owner victim claims of Andrew and Wendy Carduner, and Stephen G. Epstein, who have filed Statements of Interest in this case, and any other non-owner victims who choose to file a Petition for Remission or Mitigation, will be addressed by the United States upon entry of a decree of forfeiture pursuant to the Department of Justice's Regulations Governing the Remission or Mitigation of Civil and Criminal Forfeiture, which authorize the United States Attorney General to transfer or restore forfeited property to non-owner victims pursuant to 28 C.F.R. § 9, and 18 U.S.C. § 981(e)(6).

The United States respectfully requests that its Motion for Decree of Forfeiture be granted so that the $489,144.03 may be returned to the victim(s) through the Petition for Remission process. A proposed Decree of Forfeiture is submitted herewith.

>                                    Respectfully submitted,
>
>                                    KEVIN J. O'CONNOR
>                                    UNITED STATES ATTORNEY
>
>
>                                    _____
>                                    JULIE G. TURBERT
>                                    ASSISTANT U.S. ATTORNEY
>                                    ATTORNEY BAR # ct23398
>                                    P.O. BOX 1824
>                                    NEW HAVEN, CT  06508
>                                    TELEPHONE:  (203) 821-3700
>                                    FAX: (203) 773-5373
>                                    EMAIL:  Julie.Turbert@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Memorandum in Support of Motion for Decree of Forfeiture has been mailed, postage prepaid, on this 12th day of June, 2007, to:

Andrew B. Bowman, Esq.
1804 Post Road East
Westport, CT 06880

Shelley R. Sadin, Esq.
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT 06601-1740

Robert N. Rothberg, Esq.
Graubard Miller
600 Third Avenue
New York, NY 10016

Jeffrey M. Sklarz, Esq.
Zeisler & Zeisler, P.C.
558 Clinton Avenue
P.O. Box 3186
Bridgeport, CT 06605-0186

_____                                             _____
                                                      JULIE G. TURBERT
                                                      ASSISTANT U.S. ATTORNEY
                                                      ATTORNEY BAR # ct23398
                                                      157 CHURCH STREET
                                                      NEW HAVEN, CT 06510
                                                      TELEPHONE: (203) 821-3700
                                                      FAX: (203) 773-5373
                                                      EMAIL: Julie.Turbert@usdoj.gov